IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )     CRIMINAL ACTION
                             )
v.                           )     No.  13-10200-01
                             )
TERRY L. LOEWEN,             )
                             )
              Defendant.     )
                             )
```

### MEMORANDUM AND ORDER

Before the court are defendant's motion for discovery and the government's response (Docs. 65, 66, 71 and 73). The court requested clarification by the government on two points in its response and the government has done so (Docs. 71 and 74). The court is now prepared to rule.

#### Background

The court and the parties are familiar with the charges, the general background of the case and its present posture. Specific aspects of the case will be discussed, as necessary, as well as applicable law.

The court compliments counsel on their present submissions and the professional way they are handling this case.

#### Redacted Materials

Defendant seeks disclosure of FBI electronic communications which have been redacted by "blacking out" parts of documents. Defendant

has identified three categories[1] of documents: (1) background information; (2) "session notes" and (3) factual information relating to the "session notes."  With a couple of exceptions, the documents in each category are dated prior to defendant's arrest.

Defendant has announced his intention to pursue an entrapment defense.  Presumably because the majority of documents predate his arrest, defendant postulates that the unredacted documents may reveal how the government began its investigation of defendant, the goals of the investigation and how the FBI planned to "manage" defendant.  In other words, defendant believes that the unredacted documents should be produced under Fed. R. Crim. P. 16(a)(1)(E)(i) or (iii) and Brady v. Maryland because they may disclose information material to the issue of predisposition.  (See Tenth Circuit Pattern Instruction 1.27).

The government opposes defendant's demand for unredacted documents.  It asserts that there was no "preinvestigation" of defendant; rather it conducted a "full investigation" from the start.  It points out that it already has disclosed much "unredacted" information as well as how defendant first came to the government's attention.  It acknowledges its awareness of its Brady obligations and denies that Rule 16 requires disclosure of the unredacted documents.

The court has reviewed the redacted documents.  The majority of the documents appear to monitor defendant's email and Facebook postings. One of the exhibits reports the names of persons who have contacted defendant's son.  Another document reflects that the

---

[1] The categories appear to be created by defendant. The documents themselves are not identified by category.

-2-

government provided defendant with a laptop computer in the course of the investigation. Finally, several documents summarize contacts with defendant's prior employer, Beechcraft, and officials at Mid-Continent Airport.

Insofar as defendant bases his request for disclosure on Brady, it always has been, and remains, this court's position and practice that in pretrial discovery disputes (as opposed to post-trial allegations of Brady suppression), it is the government's job to search its files for Brady material and to provide that material to defendant without specific orders from the court. (See this court's General Order of Discovery (Doc. 10)). Even when, as here, the government has offered to provide the unredacted material for ex parte inspection, the court has declined the offer. The court's reasons are straightforward: first, the government knows its obligations under Brady and also knows what will happen if it fails to meet those obligations. (United States v. Kobagaya, case number 09-10005, was dismissed by this court at the government's request because of a Brady violation, even though this court is satisfied that the violation was unintentional.) Second, except in the most obvious situations, (e.g., a statement by a person that he, not the defendant, committed the crime) the court is not in a position to know what information a defendant's counsel might consider to fall within Brady.

Turning to Rule 16 and specifically sections (a)(E)(i) and (iii), the documents in question, with the exception of the email and Facebook postings, were not obtained from, nor did they belong to, defendant. Thus, they are documents expressly not subject to disclosure in accordance with Rule 16(a)(2).

The court acknowledges that the word "documents" appears in Rule 16(a)(1)(E) [which requires disclosure] and (a)(2) [which exempts disclosure]. Clearly though, the rule is not talking about the same documents. The word "documents" in Rule 16(a)(1)(E), when read in context with the other items named, covers documents created by a defendant, including documents which memorialize a defendant's statements. The government represents that these have been provided. The documents in section (a)(2) are those created by the government, as discussed in the Advisory Committee Notes to the 2013 amendments. The documents in which the redactions appear fall with section (a)(2) and are not subject to disclosure.

Defendant nevertheless argues for disclosure under section (a)(1)(E)(i), claiming that the unredacted government documents may be "material" to his announced defense of entrapment. To be "material," a defendant must demonstrate "some indication that the pretrial disclosure would have enabled the defendant to significantly alter the quantum of proof in his favor." United States v. Scott, No. 92-6272, 1993 WL 411596 (10th Cir. Oct. 8, 1993) (applying the previous version of the rule) (internal citations omitted). The same showing is required today by other courts of appeal. See, e.g., United States v. Clingman, No. 11-6263, 2013 WL 1316061, *5 (6th Cir. Apr. 2, 2013); United States v. Caro, 597 F.3d 608, 621 (4th Cir. 2010); and United States v. Jordan, 316 F.3d 1215, 1251 (11th Cir. 2003).

Defendant essentially argues that any and all internal government reports in this case are discoverable because: 1) the government's methods and plan of investigation are relevant to an entrapment

-4-

defense; and 2) "[i]t is fair to assume that the employee or agent would not include information in his or her report unless it was material to the investigation." These types of generalizations are not sufficient to indicate materiality. United States v. Ross, 511 F.2d 757, 762 (5th Cir.), cert denied, 423 U.S. 836 (1975) ("Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case."). Cf. United States v. Pickard, 787 F.Supp. 155, 159 (S.D Ind. 1992) (government's internal memoranda were not material to entrapment defense where all conversations between defendant and government agents were disclosed).

The court recognizes that defendant is somewhat disadvantaged because he does not know what the unredacted documents would show. But the court finds that defendant has not made the required showing of materiality. Defendant's explanation of materiality must be viewed in the overall context of document disclosure. Literally tens of thousands of documents have been disclosed by the government. According to the government, most of the unredacted portions of the documents in question have been disclosed in other documents. As a practical matter, and from the perspective of a trial judge, it is inconceivable that the government would jeopardize this case by withholding information which it has the obligation to disclose. And at this point no showing has been made that the redacted information, if disclosed, would significantly alter the quantum of proof in defendant's favor.

### Specific Rule 16 Requests

Defendant makes nine separately-numbered requests for documents

and information.  The requests are quite extensive.  In general, the government responds that it has already provided the information or will provide the information as required by law (e.g., expert witness opinions, Rule 404(b) evidence, <u>Giglio</u> information and <u>Brady</u> materials relevant to punishment).  The government states that no Title III or "behavioral profile" materials exist with respect to defendant or any government employee or contractor.  The court accepts the government's statement.  To do otherwise would require the court to examine the government's entire file.

Two of defendant's requests deserve special mention: (1) government "training manuals" with respect to undercover operations and (2) personnel files of testifying government agents or officers, as well as case files created by government employees, confidential human sources or informants.  Defendant does not cite specific authority which makes such information discoverable.  The government objects and the court agrees.  The government's obligation to disclose evidence or information to a defendant is defined and limited by statute (e.g., the Jencks Act), rule and applicable case authority. All-encompassing, civil-type discovery does not exist in criminal cases.  <u>United States v. Marker</u>, No. 94-40002, 1994 WL 192018 (D. Kan. Apr. 15, 1994).  And once again, the court declines the invitation to examine the government's files to determine whether discoverable information is being withheld.

Defendant's request for disclosure of unredacted documents (Doc. 65 and 66, exhibits B-Q) is denied.  However, to preserve the documents for later review, the government is directed to provide the unredacted documents in a sealed envelope which will be held by the

clerk until no longer needed after which they will be returned to the government pursuant to a court order.

## CIPA materials

The court has under advisement the government's CIPA motions and will rule on them in due course. It may or may not be that some CIPA materials will be disclosed. Beyond that the court is not in a position to rule on defendant's request for disclosure of CIPA materials.

## FISA and "Constitutionally Questionable Evidence"

This request somewhat parallels defendant's argument for disclosure of CIPA materials. It's different, however, because CIPA materials do exist. The government has neither admitted nor denied the existence of FISA materials. "The government does not acknowledge that FISA material exists in this case; however, for the sake of argument and as a response to the defendant's assertion, the government notes the process that would be usual if in fact FISA were germane to the instant case." The "process" to which the government refers is set out under 50 U.S.C. § 1806(c) and 1825(d), which basically provide that unless the government gives notice of its intention to use FISA material, an "aggrieved person" (here, defendant) has no ability to access it, nor does a court have the authority to order its disclosure. The government has not given notice of its intent to use FISA evidence, which essentially moots the issue. The rather sparse case authority supports the government's position. Defendant has not cited any authority to the contrary.

Defendant's motion for disclosure of FISA materials (if they exist) is denied.

-7-

<u>Google materials</u>

The issue regarding production of readable Google materials has been resolved (Doc. 72).

<u>Conclusion</u>

Defendant's motion for discovery (Docs. 65 and 66) is denied except to the extent that the government's obligation to provide discovery is continuing.

IT IS SO ORDERED.

Dated this <u>  9th  </u> day of January 2015, at Wichita, Kansas.

<u>s/Monti Belot                </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE