**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  13-10200-01 |
| | ) | |
| TERRY L. LOEWEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the court are the following:

1.    Defendant's motion to suppress (Doc. 81);

2.    Government's response (Doc. 89);

3.    Defendant's motion to dismiss (Doc. 83);

4.    Defendant's supplement to motion to dismiss (Doc. 88);

5.    Government's response to dockets 83 and 88 (Doc. 93);

6.    Defendant's motion to dismiss counts 1 and 2 (Doc. 84); and

7.    Government's response (Doc. 90).

The court compliments counsel on their well-written submissions. The motions can be resolved without an evidentiary hearing.

### Motion to Suppress (Docs. 81 and 89)

On December 12, 2013 at 10:10 p.m., U.S. Magistrate Judge Karen Humphreys authorized a search warrant for defendant's vehicle.  The warrant stated, in pertinent part: "YOU ARE HEREBY COMMANDED to search on or before December 12th, 2013 the . . . property specified . . ." Apparently the search did not occur until December 13, 2013. (The parties have not included the return, so the exact time of the search is not known.)

Defendant contends that the officers acted in "flagrant disregard" for the terms of the warrant because the search occurred on December 13, 2013, rather than December 12, and therefore that the materials seized pursuant to the warrant should be suppressed. Defendant cites <u>United States v. Foster</u>, 100 F.3d 846 (10th Cir. 1996). The "flagrant disregard" in <u>Foster</u> did not involve the time the search was conducted. Rather, it involved "conducting a wholesale seizure of [defendant's] property amounting to a fishing expedition for the discovery of incriminating evidence." <u>Id.</u> at 849. <u>Foster</u> does not support defendant's position.

In its response, the government points out that the warrant was to be executed "on or before December 12, 2013 . . . in the daytime- 6:00 a.m. to 10:00 p.m." The warrant was signed at 10:10 p.m. on December 12, making compliance with the terms of the warrant literally impossible. The government submits, and common sense dictates, that the magistrate simply wrote the wrong date. She had been presented with five search warrant applications on the evening of December 12. It is quite reasonable that she inadvertently wrote December 12 instead of December 13. In any event, the officers did not act in "flagrant disregard" of the warrant when they searched defendant's car the following day.

Rule 41 of the Federal Rules of Criminal Procedure provides that a warrant "must command the officer to execute the warrant within a specified time no longer than 14 days" after issuance. Fed. R. Crim. P. 41(e)(2)(A)(i). Notably, that time limit is not a constitutional requirement, as the Fourth Amendment "does not specify that search warrants contain expiration dates." <u>United States v. Sims</u>, 428 F.3d

945 (10th Cir. 2005) (citation omitted). In this instance the warrant was executed the day after it was signed. Even though this was past the specified time for execution, such a technical violation does not warrant suppression of the items found in the search. In <u>Sims</u>, a warrant was similarly executed one day beyond the time specified in the warrant but within the 10-day limit of Rule 41. The Tenth Circuit concluded suppression was not available in the absence of prejudice or evidence of an intentional and deliberate disregard of the warrant. <u>Sims</u>, 428 F.3d at 955. Similarly, there is no claim of prejudice here -- nor could there be, given that probable cause for the search clearly still existed on December 13 -- and no claim or indication of agent manipulation or deliberate disregard of the warrant.

Defendant's motion to suppress (Doc. 81) is denied.

### Motions to Dismiss (Docs. 83, 88 and 93)

Defendant cites three grounds justifying dismissal: (1) entrapment as a matter of law; (2) outrageous governmental conduct; and (3) exercise of the court's supervisory powers.

### Entrapment as a Matter of Law

In <u>United States v. Fadel</u>, 844 F.2d 1425 (10th Cir. 1988), the defendant filed a Rule 12(b) motion alleging entrapment as a matter of law and also outrageous governmental conduct.  Judge Bruce Jenkins held a pretrial hearing and granted the motion.  The government appealed and the Circuit reversed, noting that "The vast majority of courts which have considered the issue have not favored the pretrial resolution of entrapment defense motions." (<u>Id.</u> at 1430).  <u>See also</u> <u>United States v. Pope</u>, 613 F.3d 1255 (10th Cir. 2010) which generally discusses the propriety of pretrial Rule 12(b) motions.  In <u>United</u>

<u>States v. Quaintance</u>, 608 F.3d 717 (10th Cir. 2010), the court addressed pretrial Rule 12(b) motions and noted, in footnote 2: "None of this however should be taken as endorsing the pre-trial resolution of motions that implicate factual questions intertwined with the merits, all in contravention of Federal Rule Criminal Procedure 12(b)(2) . . . <u>United States v. Fadel</u>, 844 F.2d 1425, 1430-31 (10th Cir. 1988)." Thus, <u>Fadel</u> remains good law.

Entrapment is an affirmative defense. It exists as a matter of law only if the evidence of entrapment is uncontroverted. <u>United States v. Martinez</u>, 979 F.2d 1424, 1429 (10th Cir. 1992). Thus, under existing Tenth Circuit law, defendant's motion is at least premature, unless the parties are willing to stipulate to the facts necessary to decide the motion (which obviously is unlikely). In short, defendant's claim of entrapment is tied in with the merits of the case and cannot be determined on a pretrial motion.

Outrageous Governmental Conduct

Relying on essentially the same factual basis, defendant asserts that outrageous governmental conduct also requires dismissal of the indictment. Defendant cites <u>United States v. Dyke</u>, 718 F.3d 1282 (10th Cir. 2013). <u>Dyke</u> states that "a defendant asserting the outrageous governmental conduct defense bears the burden of proving either (1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime." (<u>Id.</u> at 1288. Internal quotations and citation omitted.)

As with <u>Fadel</u>, <u>supra</u>, <u>Dyke</u> may, or may not, merit further consideration at a later date but there is nothing in the opinion to indicate that the Circuit ever has, or likely ever will, countenance

-4-

pre-trial dismissal of an indictment based on outrageous conduct as a matter of law when facts are in dispute. This claim too is tied to the merits of the case and cannot be resolved in a pretrial motion.

### Supervisory Powers

Defendant contends that the court should exercise its supervisory powers to dismiss the indictment based on the government's alleged abuse of his First Amendment rights. Defendant cites no authority for this position. The government does cite persuasive authority in its response, with which the court agrees. Quite obviously, the right to free speech does not extend to engaging in violent acts of the type alleged in the indictment. Nor does the First Amendment prohibit evidentiary use of speech to establish the elements of a crime or to prove the motive or intent to commit a crime. Wisconsin v. Mitchell, 508 U.S. 476, 489 (1993). See also United States v. Cromitie, 727 F.3d 194, 220 (2nd Cir. 2013) (attempting to determine if person's religious views have impelled him toward violence does not contradict the First Amendment or constitute outrageous government conduct). Whether the government can prove defendant was predisposed to commit the offenses charged in the indictment and whether he attempted to commit those offenses are matters for proof at trial.

Defendant's motions to dismiss (Docs. 83, 88) are denied.

### Motion to Dismiss Counts 1 and 2 (Docs. 84 and 90)

Defendant moves to dismiss counts 1 and 2 on the basis that the alleged "weapon of mass destruction" (count 1) and the "explosive device" (count 2) were inert and incapable of exploding. The government's response, with which the court agrees, is that defendant is charged with attempt, not the substantive offenses. The

-5-

government's position is clearly supported by the authorities upon which it relies. <u>See</u> <u>e.g.</u>, <u>United States v. Williams</u>, 553 U.S. 285, 300 (2008) (the impossibility of completing the crime because the facts were not as the defendant believed them to be is not a defense to the crime of attempt); <u>United States v. Becker</u>, 625 F.3d 1309, 1312-13 (10th Cir. 2010) (factual impossibility is generally not a defense to the crime of attempt; what matters is the defendant's intent and the actions he took toward his objective).

Defendant's motion to dismiss counts 1 and 2 (Doc. 84) is denied.

IT IS SO ORDERED.

Dated this <u>6th</u> day of March 2015, at Wichita, Kansas.

<u>s/Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE