IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  13-10200 |
| | ) | |
| TERRY L. LOEWEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Before the court is defendant's motion to reconsider (Docs. 97, 100). The government has filed a response (Doc. 102).

Defendant argues the court should reconsider its prior order denying his motion to dismiss counts 1 and 2 of the indictment. (See Doc. 95).

Count 1 alleges that defendant attempted to use of a weapon of mass destruction against property in interstate commerce, in violation of 18 U.S.C. § 2332a. Count 2 alleges that he attempted to damage property in interstate commerce by means of an explosive device, in violation of 18 U.S.C. § 844(i). According to the briefs, the device at issue in counts 1 and 2 was provided to defendant by the FBI as part of a sting operation. Although government agents allegedly represented to defendant that the device was a bomb, in fact it was inert by design and was incapable of exploding. Defendant's motion to reconsider again argues that because the device was incapable of causing damage he could not have committed the offenses charged.

Section 2332a of Title 18 penalizes "any person who ... uses, threatens, or attempts or conspires to use, a weapon of mass

destruction" against property used in interstate and foreign commerce. For purposes of this statute, the term "weapon of mass destruction" has various meanings, including any explosive bomb, but it excludes any device which is not designed for use as a weapon.[1] Because the FBI device was purposely configured so as not to explode, defendant argues that the statute "cannot legally apply to the present case." He argues that the word "attempts" in §2332a only modifies "to use" and not "a weapon of mass destruction," so that "the weapon of mass destruction had to be a real operative destructive device and does not include one that is totally inert."

The court again rejects this argument. When Congress chose to punish anyone who "attempts" to commit these offenses, it was undoubtedly familiar with well-established modern case law finding criminal liability when a defendant intends to commit a substantive offense and takes a substantial step toward the commission of that offense. See e.g., Braxton v. United States, 500 U.S. 344, 349 (1991) ("For Braxton to be guilty of an attempted killing under 18 U.S.C. § 1114, he must have taken a substantial step toward that crime, and must also have had the requisite mens rea."); ALI Model Penal Code §5.01 ("A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he ... purposely does ... anything that, under the circumstances as he believes them to be, is an act ... constituting

---

[1] Section 2332a(c) defines "weapon of mass destruction" to include "any destructive device as defined in section 921" of Title 18. Section 921 in turn defines "destructive device" to include "any explosive ... bomb" or similar device, but it "shall not include any device which is neither designed nor redesigned for use as a weapon...." 18 U.S.C. § 921(a)(4).

a substantial step in a course of conduct planned to culminate in his commission of the crime."); United States v. Cornelio-Pena, 435 F.3d 1279, 1286 (10th Cir. 2006)("A defendant is guilty of attempt if he intends to commit a crime and takes a substantial step toward the commission of that crime."). Nothing in the language of these particular statutes (§2332a and §841(i)) suggests that Congress intended to narrow the scope of a prohibited "attempt" beyond this common understanding of the term. Cf. United States v. Johnson, 376 F.3d 689, 693 (7th Cir. 2004)("when Congress utilizes a common law term or a legal term with an established meaning, the courts should apply the accepted definition absent a clear indication to the contrary.")[2] Under the prevailing understanding, an attempt to use what was represented to be a bomb could qualify as an attempt to commit the underlying offense, even if the nature of the device itself rendered completion of the underlying offense impossible.

    The balance of §2332a similarly refutes defendant's suggestion that Congress did not intend to impose criminal liability unless an actual weapon of mass destruction was used. Section 2332a prohibits more than just the use of such a weapon. It punishes anyone who "threatens" to use a weapon of mass destruction and anyone who "conspires" to use such a weapon. These offenses can be committed even

---

[2] See 2 Crim. Prac. Manual § 43:4 (Westlaw 2015)("Courts adhering to what is seen as the more 'modern' approach have moved away from distinguishing between legal and factual impossibility. Instead, these courts hold the defendant responsible in attempt cases whenever the intent to commit a crime is coupled with the perpetration of all acts necessary to complete the attempt, irrespective of whether it may be 'impossible' to complete the crime itself."). Cf. United States v. Everett, 700 F.2d 900, 905 (3rd Cir. 1983) (tracing history of "impossibility" defense under Controlled Substance Act).

if no weapon exists at the time of the threat or conspiracy. See United States v. Davila, 461 F.3d 298, 302 (2nd Cir. 2006)(conviction for threatening to use weapon of mass destruction based on delivery of baby powder with a note saying it was anthrax); Unites States v. Guevara, 408 F.3d 252 (5th Cir. 2005). See also United States v. Brown, 604 F.2d 347, 350 (5th Cir. 1979)(conviction for attempt to destroy building by means of explosive based on defendant's conversations with undercover ATF agents). The same is true of an attempt to use a weapon of mass destruction.

Defendant also argues that the "limiting definition of a weapon of mass destruction" under federal law distinguishes this case from other attempt crimes -- such as attempts to have sex with minors or to distribute drugs -- because "there is no comparable provision in either the sexual exploitation of children or controlled substance statutes which states there must be an actual child or actual drugs." Doc. 100 at 6. But those laws are directly comparable. For example, the crime of persuading a minor to engage in sexual activity (18 U.S.C. § 2422) cannot be committed unless the victim is actually a minor, defined by statute as a person under 18 years of age. But an attempt to commit the offense is punishable notwithstanding that the intended victim was actually an adult undercover officer posing as a minor. See e.g., United States v. Sims, 428 F.3d 945, 959 (10th Cir. 2005); United States v. Gladish, 536 F.3d 646, 648 (7th Cir. 2008) ("The criminal law, because it aims at taking dangerous people out of circulation before they do harm, * * * [punishes] [a] person who demonstrates by his conduct that he has the intention and capability of committing a crime ... even if his plan was thwarted."). Cf.

<u>United States v. Hsu</u>, 155 F.3d 189, 203 (3rd Cir. 1998) (in a sting operation involving attempted misappropriation of a trade secret, the government only had to show that defendant sought to obtain what he believed to be a trade secret, regardless of whether the information qualified as such). By the same token, the completed crime of using a weapon of mass destruction cannot occur without a device that meets the statutory definition. But an attempt to commit the offense occurs when a person has the intent to use a weapon of mass destruction and takes some substantial step toward commission of that offense.

Consistent with the law of attempts and the statutory language, the fact that government agents may have supplied defendant an inert device in place of what was represented to be a bomb negates neither the possibility that defendant intended to commit the underlying offenses nor the possibility that he took a substantial step toward commission of those offenses.[3] <u>United States v. Yousef</u>, 327 F.3d 56, 134 (2nd Cir. 2003)("A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed, so that 'dangerous persons [may be apprehended] at an earlier stage ... without immunizing them from attempt liability.'"). In other words, nothing about that fact made it legally impossible to attempt to commit the underlying offenses.

**<u>Conclusion</u>**.

Defendant's motion to reconsider (Docs. 97, 100) is denied.

---

[3] Whether a particular action amounts to a substantial step is highly fact-specific. <u>United States v. Smith</u>, 264 F.3d 1012, 1015 (10th Cir. 2001). <u>See</u> also <u>United States v. Gordon</u>, 710 F.3d 1124, 1150 (10th Cir. 2013) ("A substantial step must be more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.")

IT IS SO ORDERED.

Dated this 9th day of April 2015, at Wichita, Kansas.

                                        s/Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE